# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Andrew Ware, #145560, ) | |
| ) | Civil Case No. 2:16-cv-00905-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Betty Smith, et al., ) | |
| ) | |
| Defendants. ) | |

*Pro se* Plaintiff Andrew Ware brings this action against Defendants, fourteen employees of the South Carolina Department of Corrections: (1) Betty Smith; 2) Mr. Samuel; 3) Mr. Green; 4) Warden Dunlap; 5) Associate Warden Ingrahm; 6) Associate Warden Stonebreaker; 7) Michael McCall; 8) Warden Cartledge; 9) Associate Warden Claytor; 10) Major Earley; 11) Captain Degeorgis; 12) Lt. Busby-Smith; 13) Sgt. Daniel Cotter; and 14) Lt. D. Arrowood ("Defendants"). (ECF No. 1.) Plaintiff alleges that the conditions of his confinement constituted cruel and unusual punishment in violation of the Eighth Amendment, that he was denied due process in violation of the Fourteenth Amendment and that Defendants conspired to deprive him of these rights. (ECF No. 1 at 4-5.) First, Plaintiff alleges that Defendants acted beyond the scope of their authority by intentionally depriving him of his personal property. *Id.* Second, Plaintiff complains about several conditions of confinement, including alleged poor food service. (ECF No. 1 at 3-5.)

The Magistrate Judge's Report and Recommendation, filed on June 1, 2016, ruled that Plaintiff's Complaint (ECF No. 1) fails to state a claim for relief, is frivolous and attempts to take legal actions against individuals protected by immunity and recommends that the court summarily dismiss Plaintiff's action with prejudice. (ECF No. 16.) The Report and Recommendation sets

forth in detail the relevant facts and legal standards on this matter, and the court incorporates the Magistrate Judge's recommendation herein without a recitation.

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

Plaintiff was advised of his right to file objections to the Report and Recommendation (ECF No. 16 at 14.) However, Plaintiff filed no objections to the Report and Recommendation. In the absence of objections to the Magistrate Judge's Report and Recommendation, this court is not required to provide an explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report and Recommendation results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

After a thorough review of the Report and Recommendation and the record in this case,

the court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein. (ECF No. 16.) It is therefore **ORDERED** that Plaintiff's Complaint (ECF No. 1) is **summarily dismissed** with prejudice and without issuance and service of process.

### Certificate of Appealability

The law governing certificates of appealability provides that:

(c)(2) A certificate of appealability may issue… only if the applicant has made a substantial showing of the denial of a constitutional right.
(c)(3) The certificate of appealability… shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

April 13, 2017
Columbia, South Carolina